**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KENNETH PANGBORN,                                              **MEMORANDUM**
                                        Plaintiff,            **AND ORDER**

                - against -                                   09-CV-0976 (DGT) (JO)

METLIFE, INC., et al,
                                        Defendants.
-----------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

 Attorney Paul J. Lukas ("Lukas") is an attorney admitted to practice in New York and Minnesota, but not admitted to practice before this court. As a member of the bar of the state of New York, Lukas is currently eligible for such admission pursuant to Local Civil Rule 1.3(a). The plaintiff has engaged Lucas to represent him in the instant matter, but despite being eligible for unrestricted admission, Lucas instead seeks to be admitted only *pro hac vice* pursuant to Local Civil Rule 1.3(c). For the reasons set forth below, I deny the motion without prejudice to renewal upon a showing that such admission is appropriate under the circumstances.

 Lukas practices law in Minnesota, where he is a partner at the law firm of Nichols Kaster, PLLP. Lukas has made successful applications for admission *pro hac vice* in at least four other cases in this district since June 2006. *See Westerfield, et al. v. Washington Mutual, Inc.*, docket number 06-CV-2817 (CBA) (JMA), Order dated June 9, 2006; *Casasus-McEntee, et al. v. Accredited Home Lenders, Inc.*, docket number 06-CV-5580 (JS) (WDW), Order dated February 2, 2007; *Boal, et al. v. Premium Capital Funding LLC*, docket number 07-CV-0698 (DRH) (ETB), Order dated August 20, 2007; *Young, et al. v. Delta Financial Corp.*, docket number 07-CV-3496 (LDW) (ARL), Order dated September 27, 2007. It appears that Lukas regularly engages in the practice of law in this district (as well as in the Southern District of New York, in

which he was granted admission *pro hac vice* in 2007).  Yet by virtue of the fact that he seeks

and obtains the right to appear *pro hac vice* rather than taking the steps necessary to join the bar

of this court, Lukas remains immune to much of the disciplinary oversight to which his

colleagues are subjected.  *See* Loc. Civ. R. 1.5(b)-(c) (differentiating between members of the

bar of this court and others for purposes of defining the grounds for discipline and the types of

discipline or other relief available).

       This court routinely grants attorneys who practice elsewhere the courtesy of representing

clients who find themselves involved in litigation in this court.  But "[a]dmission *pro hac vice* is

by definition, at most, admission for a single proceeding."  *In re Rappaport*, 558 F.2d 87, 88 n.1

(2d Cir. 1977).  It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42

(1979), and one that should not be abused.  If Lukas intends to continue representing clients in

this court, he can and should secure the admission to our bar for which he is apparently eligible.

If, on the other hand, Lukas can demonstrate that his recent applications for admission *pro hac*

*vice* represent an aberration in his normal practice, and that he does not anticipate making future

similar applications on a routine basis, then I will of course grant him the same courtesy that is

routinely afforded to out-of-state counsel in their occasional visits to this district.

       Accordingly, for the reasons set forth above, I deny the application of attorney Paul J.

Lukas to appear *pro hac vice* in this matter, without prejudice to renewal.

       **SO ORDERED.**

Dated: Brooklyn, New York
       June 9, 2009

                                                    /s/ James Orenstein
                                                    JAMES ORENSTEIN
                                                    U.S. Magistrate Judge